KORNITZ, d/b/a KORNITZ & EWERT COMPANY, Respondent, v. EARLING & HILLER, INC., and others, Appellants: EWERT, Defendant.

*No. 232. Argued November 5, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 403.)

For the appellants there were briefs by *Foley & Lardner*, attorneys, and *James O. Huber* of counsel, all of Milwaukee, and oral argument by *Mr. Huber*.

For the respondent there was a brief by *Walther, Halling & Conmey*, attorneys, and *David L. Walther* of counsel, and oral argument by *David L. Walther* and *F. M. Van Hecke*, all of Milwaukee.

ROBERT W. HANSEN, J. This appeal is from the order overruling defendants' demurrer to a complaint alleging causes of action based upon (1) false representations; and (2) negligence. A complaint, when attacked by demurrer, is to be liberally construed and sustained if it, expressly or by reasonable inference, states a cause of action.[1] The facts stated therein are assumed to be true.[2] Legal assertions, not factual premises, are subject to dispute.[3] The issue here is then, as to each cause of action pleaded: Does the complaint state facts which constitute a cause of action against the defendants?

(1) *As to misrepresentation.*

Appellants' brief finds in the amended complaint an ". . . absence of any allegation of misrepresentation directly to plaintiff," and describes it as leaving ". . . wholly unclear the circumstances under which they ["the misrepresentations"] were made. . . ." Respondent's brief points out that the complaint alleges: (1) In paragraph 19 that plaintiff relied upon representations of the defendants; (2) in paragraph 20 that said representations were false and that such falsity was known or should have been known to the defendants; (3) in paragraph 21 that the defendants intended plaintiff to rely upon their representations. Appellants' reply brief does not dispute the references made to the complaint, and does not return to the argument as to this phase of the complaint.

The trial court held that the complaint did allege "misrepresentations made by the defendant, Earling & Hiller,

---

[1] *Harte v. Eagle River* (1970), 45 Wis. 2d 513, 173 N. W. 2d 683.

[2] *Volk v. McCormick* (1969), 41 Wis. 2d 654, 165 N. W. 2d 185.

[3] *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 147 N. W. 2d 633.

Inc., to the plaintiff," and we agree. That the circumstances in which such alleged misrepresentations were made to the plaintiff are unclear is a matter for the trial to make clear. That is a reason and purpose for trial of issues in lawsuits. The order of the trial court overruling the demurrer to the cause of action based on misrepresentations is affirmed.

(2) *As to negligence.*

Appellants' brief stresses the apparent fact that there was no contractual relation between plaintiff and defendants-appellants and submits: (1) No tort liability can arise from the malperformance of a contract unless the person injured is a party to that contract; (2) if lack of privity is not such complete defense, policy considerations become the decisive factor and public policy in this case does not justify extension of the duty of care beyond parties to the contract. Respondent's brief argues that a duty of care arising from contract [4] can be imposed without privity of contract being required, and relies heavily upon a California decision finding liability on the part of a mortgage lender for failing to protect subsequent purchasers of real estate from structural defects in buildings built by the builder.[5] Appellants' reply brief concedes, "Wisconsin has dispensed with the rules of privity in certain negligence cases," but states, "It has not done so on any facts similar to those at bar."

[4] In this state the breach of a contractual duty may constitute actionable negligence. *Colton v. Foulkes* (1951), 259 Wis. 142, 47 N. W. 2d 901, stating, " '. . . the contract creates the relation out of which grows the duty to use care. . . .' " (at page 146, citing 38 Am. Jur., *Negligence*, p. 661, sec. 20). *See also: Presser v. Siesel Construction Co.* (1963), 19 Wis. 2d 54, 119 N. W. 2d 405; *Peterson v. Sinclair Refining Co.* (1963), 20 Wis. 2d 576, 123 N. W. 2d 479; *Blanchard v. Terpstra* (1967), 37 Wis. 2d 292, 155 N. W. 2d 156.

[5] *Connor v. Great Western Savings & Loan Asso.* (1968), 73 Cal. Rptr. 369, 447 Pac. 2d 609.

What the appellants really are conceding, and correctly so, is that lack of privity no longer is a complete bar, in any and all situations, to a tort action arising from a breach of duty growing out of a contract. While this is not a products liability case, such cases show a duty imposed upon manufacturers toward consumers identical, or nearly so, to the duty owed dealers and wholesalers.[6] The lack of privity of the consumer does not bar suit or recovery. An exception to the requirement of privity was clearly carved out. We need not join the debate on the outer limits of the exceptions to the rule of privity involved in cases cited by both appellants and respondent [7] to find that in this state a number of exceptions have been made to the rule that privity is required in tort actions based on contractually assumed duties. The exceptions created to the rule make inescapable the conclusion that lack of privity in Wisconsin is no longer, at least in all situations and under all circumstances, a complete defense to an action in tort for breach of a duty deriving from contractual obligation. While we would say "since" instead of "if," we agree with the statement in appellants' reply brief that: "If lack of privity is not a complete defense, whether defendant will be held liable to a third person is determined on a case-to-case basis, with policy considerations the decisive factor."

With lack of privity thus becoming, not an absolute defense, but one of the factors to be considered in determining whether in a specific case the defendant will be held liable to a third person not in privity, the dispute here clearly involves public policy considerations and requires the balancing of various policy factors, in de-

[6] *See Dippel v. Sciano* (1967), 37 Wis. 2d 443, 453, 155 N. W. 2d 55.

[7] *Colton v. Foulkes, supra; Presser v. Siesel Construction Co., supra; Rausch v. Buisse* (1966), 33 Wis. 2d 154, 146 N. W. 2d 801.

termining whether there is liability at all or, if so, what the limits of such liability are to be.

The public policy factors involved are dealt with in detail in the briefs of appellants and respondent. Appellants contend that "Public policy in this case does not justify an extension of a construction lender's obligation to supervise a builder-vendor's disbursements in order to protect third party subsequent purchasers." Respondent argues that "In Wisconsin liability may be denied on grounds of policy where the injury is too remote from the negligence, or wholly out of proportion to the culpability or the tort-feasor, or the result is too highly extraordinary, or because allowance of recovery would place an unreasonable burden, or be likely to open the way to fraudulent claims, or enter a field that has no sensible or just stopping point. None of these circumstances exist in the present case. . . ."

However, these are arguments, no more, no less, arguments in briefs. With the case coming to us on an order overruling a demurrer, there is no record to which they refer. Actually, there is here no factual basis for considering, evaluating and resolving the public policy issues involved, such as impact upon the mortgage lending industry, or the connection in time and parties between negligent act, if established, and injury suffered, if established. The facts and descriptions offered in these and other particulars are at best sketchy. In fact, some of the factors urged as properly to be considered by this court lie outside the pleadings and outside the demurrer. A full factual resolution by trial appears to us necessary to a fair and complete evaluation of the policy considerations involved in determining the issue raised as to what liability, if any, attaches to an interim mortgage lender who disburses funds to a contractor where a subsequent third-party purchaser claims damage due to the absence of the materials and services assumedly purchased by

such disbursements. Trial court or jury findings as to negligence, damage and the requisite causal relationship between them would be material and helpful in determining the question of liability and limits of liability, if such be found. The appellants' reply brief asserts, "No reason is perceived why a determination of the public policy should be delayed until after trial." We see many such reasons, and, as has been done before,[8] sustain the trial court order overruling demurrer in order to seek and secure a more complete foundation as to facts before reaching and evaluating the public policy factors that may be involved. The requirement of a trial does not defeat the purpose of a demurrer, rather it recognizes that this demurrer cannot be sustained.

*By the Court.*—Order affirmed.

---

[8] "Because of the peculiar situation before us . . . we deem it of the utmost importance that the pertinent facts be brought as fully into the record as possible before a decision is reached. We conclude that the procedure adopted in the *Ritholz Case* (set forth at page 504) [*Ritholz v. Johnson* (1944), 244 Wis. 494, 12 N. W. 2d 738] should be followed here:

" 'In this case an answer should be filed setting up the facts which the defendants claim warranted the enactment of this particular legislation. If there is a dispute as to the facts, the facts should be ascertained by a judicial investigation in the trial court. While neither this court nor the trial court will be bound by the facts so found, they will have relevant information now denied to them. Upon this ground and only upon this ground we now hold that the demurrer to the complaint in the trial court was properly overruled.' " *White House Milk Co. v. Reynolds* (1960), 12 Wis. 2d 143, 152, 106 N. W. 2d 441.

*See also: Chicago & North Western Ry. Co. v. La Follette* (1965), 27 Wis. 2d 505, 135 N. W. 2d 269, wherein the court refused to dispose of action on demurrer, the subject matter being far too vital to be summarily disposed of without a full trial of the facts. *But see: Hass v. Chicago & North Western Ry. Co.* (1970), 48 Wis. 2d 321, 179 N. W. 2d 885.