In Matter of Estate of Betty R. Eisenberg, Deceased: Alvin H. Eisenberg, Co-Personal Representative of Estate, Appellant, v. Jack M. Eisenberg, Respondent.†

Court of Appeals

*No. 78-461. Argued May 16, 1979.—*
*Decided May 31, 1979.*
(Also reported in 280 N.W.2d 359.)

† Petition to review denied.

622

For the appellant there were briefs and oral argument by *Ray T. McCann* of Milwaukee, Wisconsin.

For the respondent there were briefs and oral argument by *Jackson M. Bruce* of *Quarles & Brady*, Milwaukee, Wisconsin, with whom on the brief was *Theodore F. Zimmer* and *Paul J. Tilleman*.

Before Decker, C.J., Cannon, P.J., and Moser, J.

CANNON, P.J.  The facts are simple. Betty and Jack Eisenberg were married in 1931. Betty Eisenberg executed her will in 1945, which left all of her estate to her children. She died January 5, 1977, and her will was admitted to probate on January 20, 1977. Alvin Eisenberg, the co-personal representative of the estate, is the sole surviving child of the marriage, and is the appellant in this action.

On June 3, 1977, Jack Eisenberg, the respondent, filed an election under sec. 861.05, Stats.[1] for a share of his

[1] Section 861.05(1), Stats. provides:

If decedent dies testate, the surviving spouse has a right to elect to take the share provided by this section. The elective share

wife's estate, and a selection of personal property under sec. 861.33,[2] Stats. The appellant moved to deny the election and selection, contending that secs. 861.05 and 861.33, Stats. are unconstitutional. On August 7, 1978, the trial court denied the appellant's motion. The appellant appeals from that order. We find four issues on appeal:

1. Do secs. 861.05 and 861.33, Stats. violate the alleged right to dispose of property contained in art. I, §1 of the Wisconsin Constitution?

2. Do secs. 861.05 and 861.33, Stats. violate the equal protection clause of the fourteenth amendment to the United States Constitution, or the equal protection clause contained in art. I, §1 of the Wisconsin Constitution?

3. Do secs. 861.05 and 861.33, Stats. violate the due process clause of the fourteenth amendment to the United States Constitution?

4. Do secs. 861.05 and 861.33, Stats. violate the United States or Wisconsin Constitutions by being applicable

---

consists of one-third of the net probate estate, reduced by any property given outright to the spouse under the decedent's will. As used in this subsection, net probate estate means the net estate as defined in s. 851.17, including any property passing by intestate succession as well as under the will, but without deduction of the estate taxes.

[2] Section 861.33(1), Stats. provides:

Subject to this section in addition to all allowances, and distributions, the surviving spouse may file with the court a written selection of the following personal property, which shall thereupon be transferred to the spouse by the personal representative: a) decedent's wearing apparel and jewelry held for personal use, b) automobile, c) household furniture, furnishings and appliances, and d) other tangible personalty not used in trade, agriculture or other business, not to exceed $1,000 in inventory value. The above selection may not include items specifically bequeathed except that the surviving spouse may in every case select the normal household furniture, furnishings and appliances necessary to maintain the home; for this purpose any antiques, family heirlooms and collections which are specifically bequeathed are not classifiable as normal household furniture or furnishings.

to all people dying after April 1, 1971, even when their wills were created prior to April 1, 1971?

Each issue shall be answered separately.

## RIGHT TO DISPOSE OF PROPERTY

The appellant first contends that secs. 861.05 and 861.33, Stats. are "unreasonable regulations of the constitutional right to dispose of property as one chooses." He concludes this makes those statutes unconstitutional.

The Wisconsin Supreme Court has long held that the right to take property, either by inheritance or will, is part of the "inherent rights" which governments were created to conserve. *Nunnemacher v. State*, 129 Wis. 190, 202, 108 N.W. 627 (1906). The court has made it clear that, unlike many states which consider the right to dispose of property by will to be purely a statutory right, in Wisconsin:

[T]he right to make a will is secured by the constitution, and . . . the legislature can regulate succession by will or descent in intestacy within reasonable limits, but it cannot impair such rights substantially or take them away entirely. *Estate of Ogg*, 262 Wis. 181, 186, 54 N.W.2d 175 (1952), quoting from 1 Page, Wills (2d ed.), p. 37, sec. 22.

At other times the supreme court has referred to this right as a "sacred right." *Will of Szperka*, 254 Wis. 153, 157, 35 N.W.2d 209 (1948). The pursuit of happiness clause in art. I, §1 of the Wisconsin Constitution[3] has been interpreted to contain this "inherent right" to dis-

---

[3] "Equality; Inherent rights. SECTION 1. All men are born equally free and independent, and have certain inherent rights; among these are life, liberty and the pursuit of happiness; to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed."

pose of property by will.' *Nunnemacher, supra* at 200, 202. However, at the same time it recognized this "inherent right," the supreme court also made it clear that "these rights are subject to reasonable regulation of the legislature." As examples of proper methods of government regulation of this right, the court listed the following:

[L]ines of descent may be prescribed, the persons who can take as heirs or devisees may be limited, collateral relatives may doubtless be included or cut off, the manner of the. execution of wills may be prescribed, and there may be much room for legislative action in determining how much property shall be exempted entirely from the power to will, so that dependents may not be entirely cut off. These are all matters within the field of regulation. *Nunnemacher, supra* at 202.

Thus, the regulation contained in secs. 861.05 and 861.33, Stats. does not violate the "pursuit of happiness" clause if it is "reasonable."

Section 861.05, Stats. modifies and replaces the dower and curtesy statutes formerly contained in secs. 233.13– 233.14, Stats. Although the constitutionality of the old dower and curtesy statutes were always upheld by the supreme court, the appellant contends that "[s]ociety has changed substantially in the last decade," therefore rendering the elective share contained both in sec. 861.05 and the old dower statutes an unreasonable regulation of the "inherent right" to dispose of property as one chooses.

We disagree with this contention. The fact that some men and women would not be left destitute by the death of their spouse, even if they were not provided for in the will, is certainly no argument that the legislature cannot regulate the right of a person to dispose of property. We are not aware of any societal changes in the last ten years which are so fundamental as to make secs. 861.05 and 861.33 unreasonable.

The appellant further contends that the unreasonableness of the regulation contained in secs. 861.05 and 861.33 is exemplified by comparing those statutes with the method for dividing property contained in Wisconsin divorce statutes.[4] He also mentions community property jurisdictions where inherited property, appellant contends, is excluded from a surviving spouse's elective rights.

We agree that the Wisconsin Statutes in providing for surviving spouses in Wisconsin are different from that established in community property states. We also agree that in Wisconsin the method for dealing with inherited property upon divorce is substantially different than the method for dealing with inherited property upon the death of one spouse. However, this court is not convinced that the statutes in question are unreasonable or unconstitutional. There is no requirement that statutes dealing with different aspects of society need to be either consistent or uniform. One of the great strengths of the legislative system is that legislatures are free to experiment with various methods for improving societal organization. In this case, statutes regulating the right of a person to dispose of property as he or she desires need only be reasonable to survive constitutional scru-

---

[4] In dividing marital property upon divorce, sec. 247.255, Stats. provides:

Any property inherited by either party prior to or during the course of the marriage shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner.

This, of course, is a fundamentally different method for dealing with inherited property than that promulgated by secs. 861.05 and 861.33, Stats.

tiny under the pursuit of happiness clause of the Wisconsin Constitution. These statutes are reasonable.

In reaching this conclusion, we have neither considered the length of the marriage in this case, nor the desire of Mrs. Eisenberg to dispose of her property as expressed in her will. These factors are superfluous. The statute is broadly written to cover every marital estate, and contains no exceptions. We are not concerned with the length of the marriage or the circumstances surrounding the marriage, but only whether the legislature imposed a reasonable restriction in respect to the remaining spouse's right to an elective share.

The appellant's arguments boil down to a preference on his part for another method of regulating the devolution of property to a surviving spouse rather than the one presently existing in Wisconsin. Failing to convince this court that the present method is either unreasonable or unconstitutional, either in this instance or any hypothetical possibility, the appellant's arguments are now best addressed to the legislature.

## EQUAL PROTECTION CLAUSE

The appellant next contends that the statutes violate the equal protection clauses of the fourteenth amendment to the United States Constitution and art. I, §1 of the Wisconsin Constitution. He contends that it is unconstitutional for secs. 861.05 and 861.33, Stats. to apply to only one class of persons, those who are married, and not apply to single persons.

As we noted previously, Wisconsin is one of the few states which view the right to make a will as being an inherent or sacred right; most jurisdictions view it as being purely statutory. The appellant has been unable to show to this court that in the federal constitu-

tion there exists a right to dispose of property by will. Indeed, the opposite appears to be the case. For instance, in *Demorest v. City Bank Farmers Trust Co.*, 321 U.S. 36, 48 (1944), the court stated: "Rights to succession by will are created by the state and may be limited, conditioned, or abolished by it." Thus, it seems irrefutable that no federal right to dispose of property by will exists under the federal constitution.

In Wisconsin the right to dispose of property by will is considered to be an "inherent" or "sacred" right. In considering the constitutionality of legislation which appears to infringe upon a constitutional right, the court in *Redhail v. Zablocki*, 418 F. Supp. 1061, 1069 (E.D. Wis. 1976), *aff'd* 434 U.S. 374 (1978, stated:

Under the equal protection approach currently utilized by the Court, statutory classifications are generally measured against the rational relationship test and are upheld if they are rationally related to some legitimate governmental interest. [Citations omitted.] If, however, the classification impinges upon fundamental rights or constitutes a suspect classification, it is subjected to strict scrutiny and can be upheld only if it is necessary to promote compelling governmental interests and is narrowly drawn to express only such interests.

Thus, under an equal protection challenge based upon the Wisconsin Constitution, we must determine if the classification is necessary to promote compelling government interests, and if it is narrowly drawn to express only such interests.

We hold these statutes meet both tests. They promote compelling government interests, a few of which are the following:

1. They encourage the tranquility and well-being of each spouse in the marital relationship by insuring that one spouse will not be left destitute by the death of the other.

2. They provide for a uniform and objective method for determining that a standard minimum of the property of the deceased spouse is to go to the surviving spouse.

3. They provide a surviving husband with the same elective share rights as a wife.

The protection of a surviving spouse, and the governmental encouragement of the marital relationship, along with the other interests fulfilled by these statutes, are compelling.

The statutes are narrowly drawn in order to achieve these purposes. Sections 861.05, and 861.33, Stats. only involve a surviving spouse. Whether the state legislature could constitutionally provide similar protection by statute for surviving children is questionable, and a problem we are not called upon to resolve. However, by limiting the elective share statute to a surviving spouse, and by similarly limiting sec. 861.33, Stats. to a surviving spouse, the government drew the statutes with the required specificity. Thus, the difference in classification between married and unmarried people, even under the strict scrutiny test, passes constitutional muster. Of course, since we have found the strict scrutiny test is satisfied, we have implicitly found that the classification is reasonable, and meets all five tests noted in *Dane County v. McManus,* 55 Wis.2d 413, 198 N.W.2d 667 (1972).

## DUE PROCESS CLAUSE

The appellant also contends that federal due process is violated by these statutes. As noted above, however, there is no federal constitutional right to dispose of property by will. The United States Supreme Court has held that a state may regulate the disposition of property as

it best sees fit, *Demorest, supra.* Therefore, appellant's contention that federal due process is somehow violated by secs. 861.05 and 861.33, Stats. is without merit.

## RETROACTIVITY

Betty Eisenberg signed her will in 1945; she died in 1977. The present statutes became effective on April 1, 1971, and were applicable to anyone dying after the effective date. It did not affect people who died before April 1, 1971. Appellant contends that the statute is unconstitutional, because it retroactively affects a will made in 1945.

The simple answer is that the statute is not retroactive. It only involves the disposition of property of people who died after April 1, 1971. Passed in 1969, the law also gave fair warning to the people of this state, since it did not go into effect until April 1, 1971.

In any case, a will does not create any enforceable right in a beneficiary of that will until the testator has died. The appellant had no rights in this will until Mrs. Eisenberg's death occurred in 1977. Further, there was nothing in the new law which modified in any way Mrs. Eisenberg's right to alter her 1945 will. It is spurious to argue that any change in the probate code could only be effective in a piecemeal fashion, until all people having made wills before the changes went into effect had died.

*By the Court.*—Order affirmed.