Richard J. HACKETT, Charles B. Pasternak, Frank Rogers, Robert G. Seneff, Sr., Joseph V. Velk, Dale T. and Marion B. Lemonds, William H. Muller, Monroe J. and Judith A. Adrian, Dr. Bernard R. Duke, Dr. Donn D. Fuhrmann, Cesar A. Garvida, Leland C. and Marilyn Hart, Dr. R.J. Jahimiak, Earl D. Kelling, Gary E. Kreul, Dr. Anselm O. Lam, Manfred and Elaine Nuhn, Delmar Rasmusson, John M. and Mary M. Schneider, Omelan M. Sydor and Dr. Carlos C. Yu, Plaintiffs,

v.

VILLAGE COURT ASSOCIATES, Martin J. Gregorcich, Ronald L. Sloane, Charter Securities Corporation, First Securities Corporation, Equable Securities Corporation, General Investment Sales Corporation, All American Management Corporation, and Gibbs, Roper, Loots & Williams, Defendants.

Civ. A. No. 82–C–1060.

United States District Court, E.D. Wisconsin.

Feb. 26, 1985.

William Wiseman, Smith & O'Neil, S.C., Milwaukee, Wis., for plaintiffs.

Bruce Bauer, Quarles & Brady, Milwaukee, Wis., for Gibbs, Roper.

James O'Neill, Arnold, Murray, O'Neill & Schimmel, Milwaukee, Wis., for Gregorcich.

Gaar Steiner, Michael, Best & Friedrich, Milwaukee, Wis., for remaining defendants.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

The defendant securities brokers and defendant Gibbs, Roper, Loots & Williams have filed motions to dismiss certain of plaintiffs' claims against them.

This is a securities fraud case brought by the limited partners in Village Court Associates, a limited partnership organized to own, acquire, and operate a commercial office complex in Elm Grove, Wisconsin. The defendants include Village Court Associates, two of the general partners, several securities firms who acted as brokers for the limited partnership offerings, and Gibbs, Roper, Loots & Williams, legal counsel to Village Court Associates. T.T. Masonry, Inc., the owner and land contract vendor of the property, and First Bank (N.A.), the holder of certain promissory notes of which plaintiffs are the makers, intervened in the action. Upon the motion of T.T. Masonry, Inc. default judgment on its claims was entered against defendants Village Court Associates, Martin J. Gregorcich and Ronald L. Sloane, and summary judgment was granted against the plaintiffs. On October 29, 1984, it was ordered that T.T. Masonry, Inc. held absolute title to the property.

In the present motions the moving defendants have raised arguments against a number of the plaintiffs' claims, and as to some, the plaintiffs agree that dismissal is proper. Plaintiffs acquiesce in the dismissal of (1) claims against the securities dealers and the law firm under section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)); (2) the claims pled against the law firm under section 15 of the 1933 Act (15 U.S.C. § 77o) and section 20 of the 1934 Act (15 U.S.C. § 78t(a)); (3) the claim pled against the law firm under § 551.59(4), Wis.Stats. and the claim pled against the law firm defendant and the broker dealer defendants under 18 U.S.C. § 1961. Two issues remain for decision:

(1) whether the plaintiffs can maintain against the law firm defendant the claim sounding in negligent misrepresentation and malpractice; and

(2) whether plaintiffs' claims against the law firm defendant and the broker/dealer defendants under section 12 of the

1933 Act (15 U.S.C. § 77l) must be dismissed.

On the first issue, Gibbs, Roper, Loots & Williams argues that Wisconsin law does not permit third parties to maintain a negligence or malpractice action against an attorney. The law firm represented the limited partnership, not the limited partners; thus the limited partners, it is argued, have no claim against the firm. Plaintiffs, on the other hand, contend that Wisconsin law on this point is evolving and that the claim would be recognized by the Wisconsin courts.

■ Each side relies on the same cases but reads them differently. Under Wisconsin law a long-standing rule has existed that an attorney is not liable to third parties for acts committed in the exercise of his duties. An exception was recognized for fraudulent misrepresentation. See *Goerke v. Vojvodich*, 67 Wis.2d 102, 226 N.W.2d 211 (1975).

In *Auric v. Continental Casualty Co.*, 111 Wis.2d 507, 331 N.W.2d 325 (1983), the court recognized another exception: a beneficiary of a will was allowed to sue an attorney for negligence in drafting or supervising the execution of the will. The decision to recognize the exception was based on the state's "long-standing public policy supporting the right of a testator to make a will and have its provisions carried out." At 514, 331 N.W.2d 325.

Next, in *Citizens State Bank v. Timm, Schmidt & Co.*, 113 Wis.2d 376, 335 N.W.2d 361 (1983), the court considered the liability of an accountant. The issue was whether an accountant could be held liable for the negligent preparation of an audit to a third party who relied on the report. The conclusion was that the accountant could be held liable.

In some ways *Timm* parallels the situation in the instant case and the plaintiffs rely heavily on it, stating that no logical distinction can be drawn between accountants and attorneys. The law firm, however, argues that if the Wisconsin court had wanted to hint that the case should be read expansively, their hints would have been more obvious.

The holding in *Timm* and the statement of the issues indicate that the court is concerned with accountants only. Nevertheless, in arriving at the result, the court relies on its decision in *Auric, supra*:

In this state, although the liability of accountants to third parties not in privity has not been examined, the liability of an attorney to one not in privity was recently examined in *Auric* [citation omitted]. This court concluded that an attorney may be held liable to a will beneficiary not in privity for the attorney's negligence in supervising the execution of a will. [citation omitted]. Part of the rationale for this decision was that the imposition of liability would make attorneys more careful in the execution of their responsibilities to their clients. At 384, 335 N.W.2d 361.

■ It is a close question whether the Wisconsin Supreme Court would apply *Timm* to attorneys. If faced with the issue, my guess (hopefully educated guess) is that it would not. The extension would be a dramatic break with the past. No sufficiently compelling public policy exists in the commercial setting involving the sale of securities to justify an extension of liability here. Certainly there is nothing like the strong public policy relied on in *Auric*. Sitting in a diversity case I decline, in this situation, to push Wisconsin law beyond its present frontiers. The motion to dismiss the claim is granted.

■ On the second issue, the law firm and the broker defendants argue first that there is no aider and abettor liability recognized in this circuit under section 12(2) of the Securities Act of 1933 (15 U.S.C. § 77l). In addition, the brokers argue that they cannot be held liable as principals under § 12.

The issue as to aiders and abettors is not settled in this circuit. The case on which defendants place heavy reliance, *Sanders v. John Nuveen & Co.*, 619 F.2d 1222 (7th Cir.1980), does not provide clear answers.

Plaintiffs rely on *Stern v. American Bankshares*, 429 F.Supp. 818 (E.D.Wis. 1977), in which the court held that one could aid and abet a section 12 violation if

certain conditions were met. Quoting from a Third Circuit case, the court stated that the elements necessary for liability to ensue are:

(1) that an independent wrong exists;

(2) that the aider and abettor know of the wrong's existence; and

(3) that substantial assistance be given in effecting that wrong. At 825.

Because in this case there is a section 10(b) claim asserted against both the law firm and the broker/dealers, there is little logic in pursuing a section 12 claim under the aiding and abetting theory. When one is dealing with principals, rather than aiders or abettors, section 12 offers the advantage over section 10(b) of not requiring proof of scienter. However, when aiders and abettors are involved, that advantage may be lost.

In *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), in arriving at its conclusion that a private cause of action under 10(b) would not lie in the absence of intent to deceive, manipulate, or defraud, the court noted the contrast between section 10(b) and other civil remedies in the 1933 Act, including section 12, which allow for recovery based on negligent conduct. The court observed that the sections allowing for recovery based on negligence contained procedural safeguards not found in section 10(b). To allow a claim for negligent conduct to be brought under 10(b), then, would allow a plaintiff to circumvent the procedural requirements of the other statutes. In other words, section 12(2), for instance, imposes procedural requirements on a plaintiff, however, it has an advantage; a defendant can be held liable for negligent conduct. The advantage of section 10(b) is that the procedural requirements are not present, but on the downside, the plaintiff must prove intent to deceive.

However, if a plaintiff chooses to pursue a claim of aiding and abetting a section 12(2) violation, under the rationale of *Stern, supra*, on which plaintiffs here rely, he loses the advantages of section 12(2). *Stern*, I believe, eliminates from section 12(2) violations for negligent conduct on the part of aiders and abettors as opposed to principals. As stated in *Stern:*

> Implicit in these cases is that the participation be evidenced by some affirmative action done with knowledge of the fraud and with the intent to assist the violator in effecting the wrong.... At 825.

There would seem to be little point in pursuing both a 10(b) claim and a claim under section 12(2) as an aider and abettor against the same defendants. Accordingly, the aiding and abetting claims are dismissed.

As to the claim against the broker/dealers as principals under section 12, a ruling will be reserved pending a more fully developed record on their position at trial.

IT IS THEREFORE ORDERED that the motion of Gibbs, Roper, Loots & Williams and the broker/dealers is granted in part and denied in part, as indicated herein. The section 12 claims based on aiding and abetting are DISMISSED. Additionally, the claims against these defendants under section 17(a) of the 1933 Act and the racketeering statute, 18 U.S.C. § 1961, are DISMISSED. The claims against Gibbs, Roper, Loots & Williams under section 15 of the 1933 Act, § 551.59(4), Wis.Stats., and under negligence or malpractice theories are also DISMISSED.