**David B. HALLING, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**HOBERT & SVOBODA, INC., Economic Resources, Inc., Baker & Hostetler, Leonard C. Hobert, William J. Svoboda and Charles P. Tiedje, Defendants.**

**No. 87-C-912.**

United States District Court, E.D. Wisconsin.

Aug. 23, 1989.

Gibbs, Roper, Loots & Williams by John W. Hein, Milwaukee, Wis., for David B. Halling.

Minahan & Peterson by Mark S. Schmitt, Milwaukee, Wis., for Hobert & Svoboda, Economic Resources, Inc., Leonard C. Hobert and William J. Svoboda.

Foley & Lardner by Robert A. DuPuy, Milwaukee, Wis., for Baker & Hostetler.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

This is a class action, brought on behalf of the limited partners of Fond Du Lac Investors (FDLI). The plaintiff alleges that, in connection with the sale of limited partnership interests to class members, the defendants violated § 10(b) of the Securities Exchange Act, §§ 551.21, 551.41 and 551.59 of the Wisconsin Uniform Securities Law, §§ 80A.01, 80A.08 and 80A.23 of the Minnesota Statutes and the common law under theories of strict liability for misrepresentation, negligent misrepresentation, breach of fiduciary duty and malpractice. Liability is alleged to be predicated upon

four misrepresentations and thirteen omissions as well as the failure to register the securities in Wisconsin and Minnesota.

One of the defendants, Baker & Hostetler, has filed a comprehensive motion for summary judgment and a motion for reconsideration of this court's prior ruling as to the availability of recission as a remedy. The defendants Hobert & Svoboda, Leonard C. Hobert and William J. Svoboda have also filed a motion for summary judgment.

All of these motions have been submitted to the court on the eve of trial. The motions will be denied, with two exceptions: (1) partial summary judgment will be granted to Baker and Hostetler on the plaintiff's common law claims for strict liability for misrepresentation, negligent misrepresentation and malpractice; (2) Baker & Hostetler's motion to strike the plaintiff's demand for punitive damages will be granted as to such defendant.

The defendant Baker & Hostetler, in support of its motion to reconsider, argues that the court of appeals for the seventh circuit has stated that recission is no longer an available remedy under § 10(b). In my opinion, the assertion is incorrect.

> Sometimes remedies under the securities laws are based on the defendants' gains rather than plaintiffs' [sic] loss, or plaintiff may have an election, see *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 154–55, 92 S.Ct. 1456, 1472–73, 31 L.Ed.2d 741 (1972).

*Harris Trust v. Ellis*, 810 F.2d 700, 706 (7th Cir.1987).

> It is within the district court's discretion to determine whether disgorgement or some other damage measure is appropriate. *Arrington v. Merrill Lynch, Pierce, Fenner & Smith*, 651 F.2d 615, 621 (9th Cir.1981). "the court's function is to fashion the remedy best suited to the harm." *Id.*

*Rowe v. Maremont Corp.*, 850 F.2d 1226, 1240–41 (7th Cir.1988).

■ My decision of July 24, 1989, sets forth the various grounds upon which I exercised my discretion in deciding that recission would be an available remedy in this case in the event of liability. The defendants' suggestion that contractual privity is a requirement for recission in the context of fraud is unpersuasive. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). The question whether the plaintiff will be precluded from obtaining the remedy by the defendants' various defenses, i.e. ratification, waiver, etc., presents factual issues, properly decided at trial. Similarly, the intent of the defendants to pursue these defenses does not warrant reconsideration of the July 24, 1989, ruling.

■ With regard to the motions for summary judgment, an examination of the briefs and pleadings persuades me that there are genuine issues of fact concerning the defendants' liability under § 10(b) and the Wisconsin and Minnesota blue sky laws.

■ The defendants' assertion that Rule 10b–5 plaintiffs must bring their action within the one year period set forth in § 13 of the Securities Exchange Act misconstrues the applicable law established by the court of appeals for the seventh circuit. "The bench and bar of the Seventh Circuit have relied on a fifteen-year history of applying the [state] securities law statute of limitations to federal securities law claims...." *Teamsters Local 282 Pension Trust Fund v. Angelos*, 815 F.2d 452, 455 (7th Cir.1987) (applying Illinois statute of limitations); *but see Norris v. Wirtz*, 818 F.2d 1329, 1332–33 (7th Cir.1987) (dicta suggesting that the practice of borrowing state limitations statutes is inefficient, but nevertheless recognizing the validity of *Angelos*). I believe that the applicable statute of limitations in the case at bar is the three-year period set forth in Wis.Stat. § 551.59(5). *See McLeron v. Source International*, 701 F.Supp. 1422, 1428 (E.D.Wis. 1988).

■ The defendant Baker & Hostetler also seeks summary judgment on the plaintiff's common law claims of strict responsibility for misrepresentation, negligent misrepresentation and malpractice. "[T]he general rule in Wisconsin [is] that an attorney [may] not be held liable to third parties

for any acts committed within the scope of an attorney-client agency relationship." *Green Spring Farms v. Kersten*, 136 Wis.2d 304, 321, 401 N.W.2d 816 (1987). There are two specific exceptions to this rule: a) fraudulent misrepresentation and b) liability to a beneficiary for the negligent preparation of a will. *Id.* at 322, 401 N.W.2d 816. The holding in *Green Spring Farms* is confirmation of Judge Terence Evans' "educated guess" that the Wisconsin Supreme Court would not extend these two exceptions to include third parties who foreseeably rely on an attorney for the proper execution of his duties to his clients. *Hackett v. Village Court Associates*, 602 F.Supp. 856, 858 (E.D.Wis.1985). The long standing rule in Wisconsin requires dismissal of the plaintiff's common law claims against Baker & Hostetler.

The defendants request that the court strike the plaintiff's demand for punitive damages. Punitive damages are clearly not recoverable on federal securities claims. 15 U.S.C. § 78bb(a). However, the unavailability of punitive damages on federal claims does not preclude recovery of punitive damages on pendent common law claims, if such damages are allowable under state law. *Nunes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 609 F.Supp. 1055, 1059 (D.C.Md.1985). By this order, the common law claims against Baker & Hostetler are being dismissed; thus, there remains no basis for a demand for punitive damages against the defendant, Baker & Hostetler.

The defendants Hobert & Svoboda, Leonard C. Hobert, William J. Svoboda, Charles P. Tiedje and Economic Resources, Inc. remain subject to common law claims based on strict liability and negligence. Under Wisconsin law "the availability of a punitive damage award is not dependent upon the classification of the underlying cause of action, but, rather, upon proof of the requisite 'outrageous' conduct." *Brown v. Maxey*, 124 Wis.2d 426, 431, 369 N.W.2d 677 (1985). Thus, in Wisconsin punitive damages are not precluded simply because a cause of action is pleaded in negligence. In the event of liability, whether the requisite threshold for punitive damages is satisfied is properly a factual issue best settled at trial.

Therefore, IT IS ORDERED that Baker & Hostetler's motion for reconsideration be and hereby is denied.

IT IS ALSO ORDERED that Baker & Hostetler's motion for summary judgment be and hereby is granted as it pertains to the plaintiff's common law claims for strict responsibility for misrepresentation, negligent misrepresentation and malpractice.

IT IS FURTHER ORDERED that the plaintiff's claims in counts six, seven and ten of the complaint be and hereby are dismissed as to the defendant Baker & Hostetler.

IT IS FURTHER ORDERED that the plaintiff's demand for punitive damages against Baker & Hostetler be and hereby is stricken.

IT IS FURTHER ORDERED that (except as provided in the foregoing orders) the summary judgment motions of Baker & Hostetler and Hobert & Svoboda, Inc., Leonard C. Hobert, and William J. Svoboda be and hereby are denied in all other respects.