LUNDSTEN, P.J. (concurring).
¶49 I write separately to point out that, to my mind, the supreme court's opinion in MacLeish v. Boardman & Clark LLP , 2019 WI 31, --- Wis. 2d ----, --- N.W.2d ----, issued March 26, 2019, brings into question a holding in Tensfeldt v. Haberman , 2009 WI 77, 319 Wis. 2d 329, 768 N.W.2d 641.
¶50 In his pre-MacLeish briefing on appeal, Attorney Slate contended, in effect, that the particulars of the allegations against him did not matter because none of his allegedly negligent behavior involved the drafting or execution of the trust document. Attorney Slate argued that, under Auric v. Continental Casualty Co. , 111 Wis. 2d 507, 331 N.W.2d 325 (1983), and its progeny, the Auric exception is limited to negligent drafting or negligent execution of an estate-planning document. Stated differently, Attorney Slate effectively argued that we did not need to get into the weeds of the beneficiaries' many factual assertions about Slate's alleged involvement in administering the trust because legally, none of them mattered.
¶51 In my view, this was a sound argument prior to MacLeish . Prior to MacLeish , I would have read the supreme court's 2009 Tensfeldt opinion and other post-Auric decisions as narrowly limiting the Auric exception to negligence by an attorney in drafting or supervising the execution of an estate-planning instrument resulting in a loss to a named beneficiary. See Auric , 111 Wis. 2d at 512, 514 ; Beauchamp v. Kemmeter , 2001 WI App 5, ¶9, 240 Wis. 2d 733, 625 N.W.2d 297 (2000) (non-clients must be "named in an executed or unexecuted will or similar estate planning document"); Wisconsin Acad. of Sciences, Arts & Letters v. First Wis. Nat'l Bank of Madison , 142 Wis. 2d 750, 758, 419 N.W.2d 301 (Ct. App. 1987) (extending the Auric exception to trusts because "[t]rusts have many of the features found in wills and perform some of the same functions as wills").
¶52 In particular, I would have read Tensfeldt as teaching that post-drafting and post-execution negligence by an attorney, such as the negligent administration of an estate plan, a legal dispute here and the topic at issue in MacLeish , did not come within the Auric exception. I would have reached that conclusion because Tensfeldt seems to say that post-drafting/post-execution negligence by an attorney is outside the reach of the Auric exception, regardless whether that negligence thwarts the client's intent.
¶53 In Tensfeldt , beneficiaries sued an attorney who negligently failed to advise their father, the attorney's client, of a change in the law affecting the father's pre-existing estate plan. Tensfeldt , 319 Wis. 2d 329, ¶¶10-13, 21, 75. The attorney was not aware of and did not inform the father of a change in the law that ended up having, in the words of the Tensfeldt court, "a substantial impact on the distribution of [the father's] assets" to his children. Id. , ¶15. In concluding that the attorney was immune from the beneficiaries' suit, the Tensfeldt court explained that the attorney had only given negligent advice and had not "drafted [or] supervised the execution of [the] estate plan." Id. , ¶77. Specifically, the court wrote:
Here, [the attorney] neither drafted nor supervised the execution of Robert's estate plan. His only role was giving [his client] admittedly negligent advice. Extending the Auric exception to attorneys who give negligent advice stretches the exception too far.
Id. I understood this unqualified language to be a general statement that excludes from the Auric exception negligent advice that post-dates drafting and execution, regardless whether the negligent advice resulted in undercutting the client's intent. So far as I could tell, the Tensfeldt opinion, with respect to this attorney's liability, could have stopped there.
¶54 It is true that the Tensfeldt court went on to "[a]dditionally ... note" that the beneficiaries could not prove that the attorney's negligence thwarted their father's intent, see Tensfeldt , 319 Wis. 2d 329, ¶¶78-81, but that discussion appeared to be just what its lead-in indicated-additional reasoning, not necessary reasoning.
¶55 If my understanding of Tensfeldt is correct, I have difficulty reconciling it with MacLeish . My take on MacLeish is that it placed emphasis on whether the non-client beneficiaries were seeking to vindicate the client's intent because that is a key justification for the Auric exception. See MacLeish , 2019 WI 31, ¶32. But why then, in Tensfeldt , indicate in blanket fashion that post-drafting/post-execution negligent legal advice, regardless whether it thwarts a client's intent, is not covered by the Auric exception? Suppose the beneficiaries in Tensfeldt had proof that the negligent legal advice in that case did thwart their father's estate-planning intent. Why should that attorney be immune from suit while an attorney who negligently administers an estate has no immunity? Am I misreading Tensfeldt ?
¶56 If I am not misreading Tensfeldt , perhaps there are policy reasons to differentiate negligent legal advice regarding an estate plan (Tensfeldt ) from negligent administration of an estate plan (MacLeish ). Obviously, I do not have the benefit of adversarial briefing on the topic. In my view, it is worth pointing out that either (1) Tensfeldt can be misread as prohibiting legal malpractice actions by non-client beneficiaries who can prove they have been harmed by negligent advice, given to a client, that thwarted the client's intent or (2) there is arguable tension between MacLeish and Tensfeldt , which might, in the appropriate case, justify revisiting the holding in Tensfeldt I discuss above. As to the latter alternative, I stress that this case is not an attractive vehicle for revisiting any legal issue arising out of MacLeish or Tensfeldt . In my view, the record before us provides no viable starting point for any malpractice claim against Attorney Slate.