Marilynn H. SCHAEFER, Plaintiff-Appellant, v. Arthur E. SCHAEFER, individually and as coexecutor under the Last Will and Testament of Ben G. Schaefer, deceased, and as surviving partner under a partnership designated as Ben G. Schaefer and Arthur E. Schaefer Real Estate Department.

Court of Appeals

*No. 77-767. Submitted on briefs February 22, 1979.—Decided March 21, 1979.*
(Also reported in 278 N.W.2d 276.)

For the plaintiff-appellant the cause was submitted on the briefs of *Marilynn H. Schaefer,* Pro Se, of Kenosha.

For the defendant-respondent the cause was submitted on the brief of *Brown, Black, Riegelman & Kreul* of Racine.

Before Moser, P.J., Brown, J., and Bode, J.

BROWN, J.   This is an action for partnership accounting and for damages alleged to be due upon the accounting in connection with the Ben G. Schaefer and Arthur E. Schaefer Real Estate Department partnership.

Ben G. Schaefer died testate on October 27, 1969. His Last Will and Testament dated November 4, 1964 and a codicil dated August 16, 1969 were admitted to probate in Kenosha county on December 9, 1969, at which time his

two brothers, Arthur E. Schaefer and David E. Schaefer, and his sister, Sadie Stein, the named co-executors, were issued letters testamentary.

Among the assets of the estate at the time of Ben G. Schaefer's death were thirteen parcels of real estate held in the names of Ben G. Schaefer and Arthur E. Schaefer. No assertion of the existence of a partnership was made in the administration of the estate until ten months after the death of Ben G. Schaefer. The Wisconsin Supreme Court has previously held that the parcels of real estate in question are partnership property.[1] Arthur E. Schaefer, as co-executor, is the sole surviving partner.

Under the terms of Ben G. Schaefer's will, the residue consisting of Ben G. Schaefer's interest in the partnership has been placed in trust. Marilynn Schaefer, the appellant, is the lifetime income beneficiary of this trust. Other individuals are remaindermen. The First National Bank of Kenosha was appointed trustee of this trust by order of the Kenosha county probate court dated November 5, 1976 prior to the commencement of this action. Subsequently, the estate assets, including the decedent's partnership interest, were assigned to the trustee by order of the probate court entered July 29, 1977.

Mrs. Schaefer is suing her brother-in-law because no proper partnership accounting was included in the final account. Mrs. Schaefer alleges that the interim accounts of the co-executors merely disclose that certain payments from the partnership were made to the estate on a yearly basis without disclosing whether such payments included interest or profits attributable to the continued use of the deceased's share of the partnership. She claims that an accounting would have placed additional assets into the estate and thereby into the testamentary trust. She

---

[1] *In re Estate of Schaefer*, 72 Wis.2d 600, 241 N.W.2d 607 (1976).

further claims that she has been harmed because she receives the income from this trust.

The trial court dismissed her complaint for lack of standing to sue. The trial court held that the general rule is that the legal representative, in this case the executor of the estate, is the only proper party to bring suit to collect assets of the estate. Exceptions have been made, however, where the legal representative has an adverse interest to that of the estate or its beneficiaries. The trial court ruled that one of the legal representatives of the estate did not have an interest adverse to Mrs. Schaefer and therefore Mrs. Schaefer was not a party in interest. Having made the determination that Mrs. Schaefer was not a proper party to bring a suit for an accounting in order to collect assets of the estate, her complaint was dismissed for lack of standing to sue. Mrs. Schaefer is appealing this trial court order.

The sole issue on appeal is whether the trial court erred in not permitting Mrs. Schaefer to maintain an action relating to a partnership accounting for the benefit of the estate in her own name.

The trial court correctly noted in its memorandum decision that under Wisconsin law the only person generally entitled to call upon a surviving partner for an accounting is the deceased partner's legal representative. The exclusive right of the legal representative to bring suit for such relief is derived from sec. 178.37, Stats.[2]

---

[2] 178.37 **Rights of retiring or deceased partner.** When any partner retires or dies, and the business is continued under any of the conditions set forth in s. 178.33(2)(b) or 178.36(1), (2), (3), (5) and (6), without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at

■ The trial court also correctly noted that Wisconsin case law provides for a limited exception to the rule that the right of an accounting of the decedent's interest in a partnership accrues only to his legal representatives. This exception was set out in the case of *McDonald v. McDonald,* 68 Wis.2d 292, 228 N.W.2d 727 (1975). In that case, the court held that the heirs of the deceased partner had standing to bring an action for the partnership accounting where the personal representative of the deceased was also a surviving partner. As the respondent points out, this holding is based on a line of cases where the interest of the personal representative was antagonistic to those of the heirs or distributees.

Thus, the trial court held that under *McDonald* before Mrs. Schaefer could maintain an action for accounting, she had to show that the interests of the executors or legal representatives were antagonistic to her interests. In the present case, the named co-executors are Arthur E. Schaefer, a partner with the deceased, David E. Schaefer, now deceased, and Sadie Stein. The court reasoned that since Sadie Stein, a co-executor, was not a partner with the deceased, her interest as co-executor was not antagonistic to Mrs. Schaefer's interest and, therefore, Sadie Stein had the sole responsibility to sue. As a result, the trial court ruled that Mrs. Schaefer had no standing to sue. She was an heir and therefore could not sue under the general rule that only legal representatives can sue, and her interests were not antagonistic to at least one of the legal representatives and therefore did not fall under the exception to the rule.

---

the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided that the creditors of the dissolved partnership as against the separate creditors, or the representative of the retired or deceased partner, shall have priority on any claim arising under this section, as provided by s. 178.36(8).

We believe that the trial court erred in ruling that Mrs. Schaefer did not fall under the *McDonald* exception. In *McDonald,* the court relied on 31 Am. Jur.2d *Executors and Administrators* §791 (1967). The full text to that section reads as follows:

Heirs or distributees have been permitted to maintain actions relating to personalty of the estate in their own names where the administrator was insolvent, where his interests were antagonistic to those of the heirs or distributees, where he was guilty of fraud or collusion with the party to be sued, *or where he failed or refused to act.* [Emphasis supplied.]

In her complaint, Mrs. Schaefer alleges that Sadie Stein "appears to have an entirely passive role in the administration of the estate affairs . . . ." We construe this to be an allegation which brings this case under the last exception found in the quotation above. It is an allegation that the administrator, Sadie Stein, has failed or refused to act. While the Wisconsin Supreme Court has not specifically adopted all of the exceptions listed in 31 Am. Jur.2d, *supra,* the court has not rejected the other exceptions or limited suits by heirs only to cases where there is an adverse interest. The issue has simply never come up in Wisconsin. However, courts in other states have addressed the issue and do permit heirs to sue when the legal representative has failed or refused to sue.

In *Glover v. Landes,* 530 S.W.2d 910, (Tex. Civ. App. 1975), the Texas appellate court held that generally executors or legal representatives have the exclusive right to bring all actions necessary to collect, preserve and protect an estate. However, heirs or devisees may sue when special circumstances exist. The special circumstances listed by the Texas court which would warrant permitting an heir to sue were: (1) the legal representative has failed to act, (2) the legal representative has an interest adverse to any of the heirs or devisees or (3) the legal

representative was proceeding in behalf of persons having an adverse interest to the heirs or devisees. Thus, when the heir or devisee alleges that the legal representative has failed to act to collect funds for the estate, the action may be maintained.

Likewise, the South Dakota Supreme Court stated in *Trotter v. Mutual Reserve Fund Life Assoc.*, 9 S.D. 596, 600, 70 N.W. 843, 844 (1897), that "when an administrator refuses to bring action upon a claim due the estate, heirs, creditors, and others interested in its collection should have an adequate remedy." The court considered the heirs' ability to bring an action compelling the administrator to bring the suit to be an inadequate remedy because the claim might be lost in the meantime. Therefore, a direct action was deemed to be appropriate.

In this case, the trial court seemed compelled to state that Mrs. Schaefer's remedy was limited to suing the trustee for failure to demand an accounting. We feel that such remedy would be inadequate for precisely the reasons stated in *Trotter*. We, therefore, hold that when the legal representative has failed or refused to act, the heir may maintain an action to recover assets for the benefit of the estate.

Based upon the foregoing considerations, we reverse the trial court on the issue of standing to sue for an accounting. We find that Mrs. Schaefer has properly alleged that Sadie Stein has failed or refused to act as a co-executor in this case. Such being the case, Mrs. Schaefer comes under the exception which we have adopted, namely that an heir may be permitted to maintain an action to recover assets for the benefit of the estate in her own name when the executor or legal representative has failed or refused to act.

The respondent also argues that Mrs. Schaefer lacks standing to sue for the benefit of the trust. He argues,

first, that the appointment of the institutional trustee prior to the commencement of the action shifted the responsibility to sue for the accounting from the co-executors to the trustee. He cites no authority for this proposition other than "the law of trust." G. G. Bogert and G. T. Bogert, *The Law of Trusts and Trustees* §12 at 51 (2d ed. 1955), states that it is the executor's duty to collect the assets while the trustee is charged with the investment of the assets. Pending its settlement, the estate is in the hands of the court and the executor. Therefore, it is not clear that the duty to sue for an accounting has passed to the trustee. Even if the duty has passed, there is no reason why, by analogy to the executor situation, a beneficiary should not be able to maintain the suit when the trustee refuses to prosecute the action.

The respondent also argues that Mrs. Schaefer has no standing because the assets to be gained by an accounting belong to the trust and not to her. He argues, in effect, that she has no pecuniary interest in the trust assets. This totally ignores the fact that she is entitled to receive the income of the trust during her lifetime. An increase in the assets of the trust would increase her income. In addition, she has been deprived of the added income from the time that the assets could have been transferred to the estate from the partnership and she is seeking damages in her own right. Therefore, Mrs. Schaefer clearly has a pecuniary interest in the result of the litigation even though any assets recovered would go to the trust.

The decision today is not to be regarded as an opinion by this court regarding the merits of Mrs. Schaefer's claim for relief. Whether Sadie Stein has, in fact, failed or refused to act is a question for the trier of fact to determine. We simply hold that as alleged in her complaint, Mrs. Schaefer has standing to sue.

*By the Court.*—Judgment reversed and cause remanded.