In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3019

SUSAN GUSTAFSON,

*Plaintiff-Appellant*,

*v.*

KATHRYN ZUMBRUNNEN, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-C-94—**John C. Shabaz**, *Judge.*

SUBMITTED MAY 16, 2008—DECIDED OCTOBER 1, 2008

Before BAUER, POSNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge.* This diversity suit governed by Wisconsin law presents an issue of federal diversity jurisdiction.

The original complaint named as plaintiff Georgia Gustafson, suing as the personal representative of the estate of her grandfather, George Skille, who had appointed her in his will, which left most of his estate to his eight grandchildren by his first wife. The suit named as defendants Skille's lawyer, the lawyer's law firm, and a

bank in which Skille and his second wife, Betty Skille, had a joint account with some $150,000 in it, constituting, according to the complaint, the bulk of George Skille's wealth. All the defendants, but none of the grandchildren, are citizens of Wisconsin, as George Skille had been.

Shortly after George Skille's death, his widow had withdrawn the money from the joint account. Georgia Gustafson, who as personal representative of Skille's estate was legally entitled to control all the property of the estate, Wis. Stat. § 857.01; *In re Estate of Peterson*, 225 N.W.2d 644, 646 (Wis. 1975); *Peters v. Kell*, 106 N.W.2d 407, 413 (Wis. 1960), sued the defendants in a Wisconsin state court to recover the money in the joint account for the decedent's estate. The suit was settled by the entry of a judgment that required Betty Skille to transfer $100,000 from the joint checking account to her lawyer's trust account and specified that "any money that may remain at the time of Betty Skille's death which came from the now-closed [joint checking account] . . . will go to certain beneficiaries named in the last will of George Skille." The agreement further provided that "neither party may raise any further claim or cause of action against the other party except to enforce this Stipulation and Judgment."

Still in her capacity as personal representative of the decedent's estate, Georgia Gustafson brought the present suit in a federal district court in Wisconsin. It seeks the other $50,000 that was in the joint checking account, plus the attorneys' fees incurred in the previous suit, plus punitive damages based on such allegations as that the lawyer defendant had "intentionally and tortiously

interfered with the beneficiaries' expectancy of inheritance by concealing or destroying the list [of beneficiaries under Skille's will] and suppressing evidence of [Skille's] testamentary intention."

The suit, though based ultimately on the will, is not within the probate exception to federal jurisdiction. The judgment sought would just add assets to the decedent's estate; it would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate. *Marshall v. Marshall*, 547 U.S. 293, 310-12 (2006); *Struck v. Cook County Public Guardian*, 508 F.3d 858, 859-60 (7th Cir. 2007); *Jones v. Brennan*, 465 F.3d 304, 306-07 (2006). The defendants, however, moved to dismiss the suit for want of federal subject-matter jurisdiction on a different ground—lack of complete diversity of citizenship. All the defendants, as we mentioned, are citizens of Wisconsin, and while Georgia Gustafson is a citizen of Minnesota the federal diversity statute treats "the legal representative" of a decedent's estate (or the estate of an infant or an incompetent) as a citizen of the same state as the decedent, and that is Wisconsin. 28 U.S.C. § 1332(c)(2). So Georgia Gustafson was a Wisconsinite for purposes of her federal suit and that placed citizens of that state on both sides of the suit.

She responded to the motion to dismiss by asking the court for leave to amend her complaint to change the plaintiff from herself in her representative capacity to herself plus the other grandchildren. (The grandchildren are the "beneficiaries" referred to in the settlement of the

first suit and the complaints in this one.) But then she noticed that this wouldn't work either, because the eight grandchildren are to share equally in the decedent's estate and when $370,000 (the total amount of damages sought in the amended complaint) is divided by eight, the quotient ($46,250) is below the minimum amount in controversy ($75,000) required for a diversity suit. So Georgia then filed (though improperly, because without seeking leave of the court) a second amended complaint, in which the only plaintiff is another one of the grandchildren, Susan Gustafson, suing on behalf of the estate. The district judge dismissed the suit for want of federal jurisdiction, and Susan Gustafson appeals.

She argues that Georgia Gustafson, as the personal representative under Skille's will, is the sole "legal representative" of the decedent's estate within the meaning of 28 U.S.C. § 1332(c)(2). Wisconsin law, however, permits any person having an interest in a decedent's estate, such as Susan Gustafson, to sue "on behalf of the estate . . . in the court in which the estate is being administered" to recover any property "which should be included in the estate." Wis. Stat. § 879.63. (We need not consider whether, in the teeth of the statutory language, such a suit can be brought in a different court, namely a federal district court, from the court in which the estate is being administered.) The second amended complaint charges one of the defendants, the lawyer, with having tortiously interfered with the legacies to which the will entitled the grandchildren by advising the widow to withdraw the money in the joint checking account rather than turn it over to the estate, from which it would have passed to

the grandchildren. The bank is charged with negligence, among other things in allowing the money to be withdrawn from the account, but we can limit our consideration to the tortious-interference claim.

However, the Wisconsin statute permits someone other than the estate's personal representative to sue to bring property into the estate only if "the personal representative has failed to secure the property or to bring an action to secure the property." Georgia Gustafson, the personal representative, did bring such a suit, as we know. It is true that suits for tortious interference with an anticipated bequest, brought by the intended recipient of the bequest, are permitted under Wisconsin law, as under the law of other states. *Wickert v. Burggraf*, 570 N.W.2d 889, 890 (Wis. App. 1997); *Harris v. Kritzik*, 480 N.W.2d 514, 516-17 (Wis. App. 1992); *Anderson v. McBurney*, 467 N.W.2d 158, 161-62 (Wis. App. 1991); *Marshall v. Marshall, supra*, 547 U.S. at 312; *Restatement (Second) of Torts* § 774B (1979) ("one who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift"); Irene D. Johnson, "Tortious Interference with Expectancy of Inheritance or Gift—Suggestions for Resort to the Tort," 39 *U. Toledo L. Rev.* 769, 772 (2008). And it is also true that the tortious-interference claim is not, as one might at first glance suppose, identical to the claim in the original Wisconsin suit. It starts out the same, by asking for the $50,000 balance that remained, after the settlement, in the widow's hands, but then it adds claims for attorneys' fees and punitive damages. However, it

alleges that Susan is acting not on behalf of herself or the other legatees but "on behalf of the estate." All the damages sought against lawyer, law firm, and bank are to be awarded to the estate rather than to Susan or to any of the other individual legatees.

If there were antagonism between Georgia and the other grandchildren and she were accused of failing to protect their interests in the decedent's estate, they could sue the defendants in their own names, as in *McDonald v. McDonald*, 228 N.W.2d 727, 732 (Wis. 1975), and *Schaefer v. Schaefer*, 278 N.W.2d 276, 279 (Wis. App. 1979); see also *Tallmadge v. Boyle*, 730 N.W.2d 173, 182 (Wis. App. 2007). And then there would be no problem with 28 U.S.C. § 1332(c)(2); it would not be a suit by the legal representative of the estate. Susan says that Georgia has refused to continue as the plaintiff in this suit and therefore is refusing to protect the other legatees' interests; and that is literally true. But her action is not motivated by any antagonism or disloyalty toward the other legatees. It is a ploy for keeping this case alive in federal court. Her refusal to litigate is the consequence of collusion, not antagonism. And anyway Susan is not suing on her own behalf or that of other disappointed legatees, but, as we said, on behalf of the estate.

The plaintiff argues that there can be only one "legal representative" of a decedent's estate within the meaning of the diversity statute, and that is Georgia, and so Susan's suit, though on behalf of the estate, is not governed by section 1332(c)(2). But nothing in the statute limits the number of legal representatives that a decedent's estate can have. Co-trustees and co-administrators are common in

Wisconsin, as elsewhere. *In re Disciplinary Proceedings Against Forester*, 530 N.W.2d 375, 378 (Wis. 1995); *In re Guardianship of Bose*, 158 N.W.2d 337, 339 (Wis. 1968); *Guaranty Bank & Trust Co. v. Quad Drilling Corp.*, 273 So. 2d 717, 718 (La. App. 1973); *In re Stahl's Estate*, 44 N.E.2d 529, 532 (Ind. App. 1942).

The purpose of section 1332(c)(2) is to prevent the manufacture of diversity jurisdiction by the appointment of an out-of-state representative for an in-state decedent's estate, or the destruction of diversity jurisdiction by appointing an in-state representative of an out-of-state decedent's estate. *Steinlage ex rel. Smith v. Mayo Clinic Rochester*, 435 F.3d 913, 917-18 (8th Cir. 2006); *Tank v. Chronister*, 160 F.3d 597, 599-600 (10th Cir. 1998). This purpose would be thwarted by a rule that an estate can have only one legal representative, so that a second person who sues on behalf of the estate cannot be a representative within the meaning of the federal statute even though that is what he or she really is—as in this case. Susan is suing expressly on behalf of the estate, and any damages recovered in the suit are to be added to the estate, just as if Georgia were the plaintiff, which she would be were it not for the legatees' desire to sue in federal court. To say that Susan is not a legal representative of the estate within the meaning of section 1332(c)(2) would be to say that an estate that wants to litigate state-law claims in federal court despite the absence of diversity can appoint a second representative to do everything the first one would have done and can simply refuse to acknowledge that the second representative *is* the estate's legal representative for purposes of that suit. A facile evasion indeed.

Before subsection (c)(2) was added to the diversity statute in 1988, the jurisdictional issue in this case would have been governed solely by 28 U.S.C. § 1359, which requires dismissal of a case "in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." The vague word "improperly" is given meaning by the specific prohibition in section 1332(c)(2) against basing diversity jurisdiction on the state of the legal representative of a decedent's estate rather than on the state of the decedent.

As there is no doubt that Susan Gustafson is suing on behalf of a decedent's estate, we needn't consider the bearing of that section on other suits arising out of death, such as wrongful death suits brought by wrongful death trustees, as in *Steinlage ex rel. Smith v. Mayo Clinic Rochester*, *supra*.

The dismissal of the suit for want of federal jurisdiction is

AFFIRMED.