NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 20, 2009[*]
Decided November 9, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2282

| | |
|---|---|
| CARLOS M. CURRY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 04 C 7229 |
| ADVOCATE BETHANY HOSPITAL, et. al., | |
| *Defendants-Appellees.* | James B. Zagel, *Judge.* |

**O R D E R**

After Deborah Curry died following emergency treatment for an asthma attack, her

---

[*]The defendants were not served with process in the district court and are not participating in this appeal.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

son, Carlos Curry[2] filed a lawsuit in district court seeking $480 million in damages for her wrongful death, alleging violations of the Emergency Medical Treatment and Active Labor Act (EMALTA), 42 U.S.C. § 1395dd; 42 U.S.C. §§ 1983, 1985,and 1986; and state law.

The facts alleged by the complaint were set forth in detail in our first review of this case, at *Curry v. Advocate Bethany Hosp. et. al.*, No. 05-3967 (7th Cir. Nov. 2, 2006), and we repeat only those that are essential to an understanding of this appeal.

On August 7, 2002, Deborah Curry suffered an acute asthma attack and, after calling 911, paramedics brought her to Advocate Bethany Hospital where she was treated and intubated. Following intubation, she suffered cardiac arrest and was resuscitated but never fully regained consciousness. After three weeks at the hospital, she was transferred to a nursing home. She died in February 2003.

Curry filed a complaint in the district court below on February 25, 2005. After reviewing the complaint, on April 1, 2005, the district court dismissed the EMTALA claims, concluding that Deborah Curry had received "the full panoply of emergency care" required by the statute. *Curry v. Advocate Bethany Hosp.*, No. O4-C-7229 (N. D. Ill. Apr. 1, 2005)(*Curry I*). It dismissed the § 1983 claim because no defendant was acting under color of state law, and it dismissed the § 1985 and § 1986 claims because they were refuted by the very medical records that Curry had supplied to the court to support his claim. *Id.* at 2.

After dismissing the federal law claims, the district court determined that the complaint failed to establish diversity jurisdiction under 28 U.S.C. § 1332 and thus the court lacked jurisdiction over the remaining state law claims. *Curry I* at 2. As the district court explained, the defendants and the defendant hospital were citizens of Illinois, and Curry retained his Illinois citizenship even while residing in a Michigan prison. *See id.* at 2— citing *Bontowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (prisoners presumed to retain citizenship held prior to incarceration).[3] The district court also noted that even if it did have jurisdiction, it would have to dismiss the state law malpractice claim because, under Illinois

---

[2]Hereafter all references to "Curry" will be to the plaintiff-appellant, Carlos Curry.

[3]Although it is unclear whether Curry's suit was on his own behalf or as representative of his mother's estate, the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). *See Gustafson v. ZumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008). In short, whether Curry brought the suit on his own behalf or on behalf of his mother, the citizenship of the plaintiff appears to be Illinois – the same as that of the defendants.

law, a plaintiff filing a malpractice complaint must file, along with the complaint, an affidavit from a health care professional in the relevant field, swearing that, in the professional's opinion, there is "a reasonable and meritorious cause for the filing of such action." 735 ILCS 5/2-622(a). *See Curry I* at 2. Curry failed to file such an affidavit with his complaint or at any time thereafter. The district court dismissed the claims without prejudice, inviting Curry to file a motion for reconsideration and a proposed amended complaint with the necessary affidavit within sixty days of the date of the order. *Id.*

Curry filed a motion to reconsider, but the motion did not address diversity jurisdiction nor include a medical professional affidavit. Curry asked for an extension of time, until August 1, 2005, to obtain the physician's affidavit. On August 1, Curry filed a motion for appointment of counsel in which he stated that his efforts to obtain a physician's affidavit on his own had been unsuccessful.

On September 8, 2005, the district court denied Curry's motion to reconsider because it did not show manifest error of law or fact, or present newly discovered evidence. The court then dismissed all other pending motions as moot. *Curry v. Advocate Bethany Hosp.*, No. O4-C-7229 (N. D. Ill. Sept. 8, 2005) (*Curry II*). The district court specifically noted that Curry had failed to obtain a health care affidavit or address diversity jurisdiction. *Id.*

On appeal, this court affirmed, agreeing that Curry failed to state a claim under EMTALA; that the EMALTA claim was untimely;[4] that the § 1985 and 1986 claims failed as the complaint failed to allege that the defendants intentionally harmed Deborah Curry based on her race or class; and that the § 1983 claims failed as the defendants were private individuals and a private hospital not acting under color of state law. *See Curry v. Advocate Bethany Hosp.*, No. 05-3967 (7th Cir. Nov. 2, 2006) (*"Curry III"*).

With that appeal denied, Curry went back to the district court for yet another round. On November 6, 2007, he filed another motion for relief from judgment pursuant to Fed. R. Civ. P. 60, in which he claimed that various events should have equitably tolled the statue of

---

[4]The previous order from this court misstated the filing date of the complaint as February 25, 2005. The complaint was filed on November 8, 2004, dismissed for failure to pay fees, and then reopened on February 25, 2005 when those fees were paid. In any event, as both the district court and the previous panel of this court noted, the latest date that any EMTALA violation occurred was August 28, 2002. The statute of limitations for EMTALA claims is two years, 42 U.S.C. § 1395dd(d)(2)(C), so the complaint was untimely in either case.

limitations, that the district court clerk mishandled the filing of his proposed amended complaint, and that the district court erred in its determination of the law and facts of his case. Denying the motion, the district court noted that Curry could have raised his claims before the district court within a reasonable amount of time following the judgment and that his claims did not warrant Rule 60 relief. *Curry v. Advocate Bethany Hosp.*, No. 04-C-7229 (N.D. Ill. Mar. 12, 2008)(*Curry IV*).

We review the district court's decision to deny relief under Rule 60 using an "extremely deferential" abuse of discretion standard. *Eskridge v. Cook County*, 577 F.3d 806, 808-09 (7th Cir. 2009) (internal citations omitted). Because relief under Rule 60 is "an extraordinary remedy and is granted only in exceptional circumstances," a district court abuses its discretion only when "no reasonable person could agree" with the decision to deny relief. *Id.*

The district court, in considering Curry's claim, was limited to considering whether relief was appropriate due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)[the fact that] the judgment is void;
> (5) [the fact that] the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. Rule 60(b).[5] Rule 60 is not a vehicle for correcting putative legal errors in an underlying judgment. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 -01 (7th Cir. 2000). The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal. *Id.*

On appeal, much of Curry's sixty-three page brief reiterates his earlier claims –

---

[5]Curry appears to making a claim under Federal Rule 60(a) as well – that the district court clerk made a clerical error by failing to appropriately file a proposed amended complaint, but this claim is more properly considered as one under Rule 60(b).

primarily re-hashing the merits of his case. These claims clearly are seeking to correct what Curry perceives as legal errors in the judgment and thus inappropriate for Rule 60(b) relief. *Bell*, 214 F.3d at 800-01.

Curry comes closer to articulating a Rule 60(b) claim when he argues that the district court clerk failed to properly process his proposed amended complaint. According to Curry, when he filed his motion for reconsideration on June 1, 2005, he also filed a proposed amended complaint which the district court clerk errantly filed as an attachment to the motion for reconsideration rather than as a separate document. He claims that he only discovered the error after he filed his original motion for reconsideration. This claim, however, does not warrant relief from judgment. Because the document was in the possession of the court, albeit misfiled as an attachment to the motion for reconsideration (*see* R. at 41, ¶ 7-8, Curry affidavit of Nov. 6, 2007), it is entirely possible that it was indeed reviewed by the judge. Even if it were not, however, a review of the proposed amended complaint would not have aided Curry's state law claims as it failed to address either the diversity jurisdictional problem or the lack of health care provider affidavit that the court required. *See* "Proposed Amended Complaint," R. 42, Exh. A-1 (unlabeled)and R. 45, Exh. 1). Both omissions were fatal to his claim.

In sum, all of Curry's claims in his motion for relief from judgment are ones that he could have, or indeed did make on direct appeal, are claims that have no bearing on the judgment, or are otherwise inappropriate claims for Rule 60 relief. The district court did not abuse its discretion by denying Curry's motion for relief from judgment. For these reasons, the decision of the district court is AFFIRMED.