IN the MATTER OF the RACINE UNIFIED
SCHOOL DISTRICT HEALTH & DENTAL PLAN:
RACINE EDUCATION ASSOCIATION, Robert
Ables, David Younk and Dennis Wiser, Petitioners-
Appellants,

v.

COMMISSIONER OF INSURANCE, Respondent,

RACINE UNIFIED SCHOOL DISTRICT, Interested
Party-Respondent.

Court of Appeals

*No. 90-0279. Submitted on briefs August 21, 1990.—Decided
September 12, 1990.*

(Also reported in 462 N.W.2d 239.)

On behalf of the petitioners-appellants, the cause was submitted on the briefs of *David L. Resnick* of *Kelly and Haus* of Madison.

On behalf of the interested party-respondent, the cause was submitted on the brief of *Jeffrey L. Leavell* and *Gilbert J. Berthelsen* of *Capwell-Berthelsen* of Racine.

Before Nettesheim, P.J., Scott and Anderson, JJ.

SCOTT, J.   The Racine Education Association and three of its members, Robert Ables, David Younk and Dennis Wiser (collectively, REA), appeal from an order dismissing their petition for review of a decision of the state Office of the Commissioner of Insurance (OCI). REA contends that OCI erred in its determination that the Racine Unified School District's (district) health and dental plan (plan) is not subject to regulation by

OCI under ch. 641, Stats. We conclude that OCI's decision was rationally based on substantial evidence; we therefore affirm.

REA and the district have a collective bargaining agreement which provides for a group health and dental plan for teachers employed by the district. Participating teachers, through automatic salary deductions, and the district each contribute to the plan. All of this is in compliance with sec. 120.13(2)(b) to (f), Stats., which authorizes school districts to provide self-insured health care benefits. Since July 1, 1986, this particular plan has been maintained under an agreement with A & H Administrators, Inc., a third-party administrator of employee benefit plans.

Chapter 641, Stats., provides for OCI regulation of employee welfare funds. In May 1987, OCI advised REA that the district's plan is not a statutory employee welfare fund and therefore is not subject to OCI governance. Consequently, the district would not be obliged to either register its plan with OCI or to file with OCI an annual statement. *See* secs. 641.08 and 641.13, Stats.

REA filed a petition requesting a hearing on the matter. Based on the hearing examiner's extensive findings of fact and conclusions of law, OCI determined that the district's self-insurance plan is not a "trust fund or other fund" as defined in Wis. Adm. Code sec. **Ins. 8.02.** OCI again concluded, therefore, that the plan is not an employee welfare fund under sec. 641.07(2), Stats., and thus not subject to regulation under ch. 641, Stats.

REA sought judicial review. Concluding that OCI's determination was reasonable, the circuit court affirmed it and dismissed REA's petition. REA appeals.

178

We begin by describing the parameters of our review of an administrative agency's action. The scope of appellate review is identical to that of the trial court. *Board of Regents v. Wisconsin Personnel Comm'n,* 147 Wis. 2d 406, 410, 433 N.W.2d 273, 275 (Ct. App. 1988). Determining whether the plan fell under the auspices of ch. 641, Stats., required that OCI make factual findings and interpret both statutes and administrative regulations. OCI's findings of fact are conclusive if supported by substantial evidence in the record. *Board of Regents,* 147 Wis. 2d at 410, 433 N.W.2d at 275. "Substantial evidence" does not mean a preponderance of the evidence, however. *Madison Gas & Elec. Co. v. Public Serv. Comm'n,* 109 Wis. 2d 127, 133, 325 N.W.2d 339, 342 (1982). Rather, the test is whether, after considering all the evidence of record, reasonable minds could arrive at the same conclusion. *Id.* at 133, 325 N.W.2d at 342–43.

The interpretation of a statute by the agency charged with applying it, on the other hand, is a conclusion of law. We generally review such questions independently of the agency's determination. *Wisconsin's Envtl. Decade, Inc. v. DILHR,* 104 Wis. 2d 640, 644, 312 N.W.2d 749, 751 (1981). If there is a rational basis for the agency's conclusion, however, and if it reflects an interpretation which is long-continued, substantially uniform and without challenge by governmental authorities, great weight is due that determination. *Drivers, etc., Local No. 695 v. LIRC,* 154 Wis. 2d 75, 83, 452 N.W.2d 368, 371–72 (1990).

Similarly, an agency's interpretation of its own regulation is entitled to controlling weight unless inconsistent with the language of the regulation or clearly erro-

neous. *Pfeiffer v. Board of Regents,* 110 Wis. 2d 146, 154-55, 328 N.W.2d 279, 283 (1983). This is because the agency knows the specific purposes of the regulations it promulgates and has a certain expertise in the area it is called upon to regulate. *Id.* at 155, 328 N.W.2d at 283.

We now turn to OCI's conclusion that the plan is not one to be regulated by ch. 641, Stats. All employee welfare funds are subject to regulation under ch. 641. Sec. 641.02, Stats. An employee welfare fund is "any trust fund or other fund established . . . by any employer . . . whether directly or through trustees, to provide employe benefits, by the purchase of insurance . . .." Sec. 641.07(2), Stats. "Trust fund or other fund" is not defined in ch. 641, but, pursuant to the authority granted it in sec. 120.13(2)(d), Stats., OCI promulgated an interpretive rule.[1] Wis. Adm. Code sec. **Ins. 8.02**

Chapter 641, Stats., through its predecessor, ch. 211, Stats., has been in effect since 1957. Likewise, except for a minor wording change in 1971, Wis. Adm. Code sec. **Ins. 8.02** has stood intact since its adoption in 1962. It reads:

> (1) A "trust fund or other fund" constituting an employe welfare fund subject to ch. 641, Stats., exists where a *trustee* or trustees, a committee, *or other party is designated* jointly by one or more employers . . . *to provide employe benefits* a) *under an agreement* describing their responsibilities and duties, *and* b) *from monies* or other property under their control *specifically segregated* to provide such employe benefits.

---

[1]REA contends that sec. 120.13(2)(d), Stats., *mandates* OCI regulation of self-insured benefit plans such as the district's. We disagree. That statute is merely enabling legislation granting OCI the authority to regulate those plans which fall within the reach of ch. 641, Stats.

(2) A fund, program or *plan* of employe benefits *under which benefits are paid* to participants directly *out of the general funds* of an employer or labor union *without the actual segregation of monies* or other assets to meet liabilities for benefits *does not operate through means of a "trust fund or other fund."* This is true although a balance sheet reserve account may be maintained for such estimated liabilities . . ..

*Id.* (emphasis added). To constitute a "trust fund or other fund" within the terms of this regulation, therefore, a fund must exhibit four characteristics: (1) its benefits must be provided by a trustee or other designated party (2) from specifically segregated monies (3) under the control of the designated party (4) pursuant to an agreement. *Id.*

OCI determined that the plan failed to qualify as a "trust fund or other fund" on two main grounds. It found that (1) the district, rather than A & H Administrators, its designated party, maintains control over the fund, and (2) the money used to pay the insurance claims does not come from a specifically segregated fund. Failure to satisfy any one of the conditions, however, is sufficient to preclude classification as a "trust fund or other fund." Because we agree that the plan's claims fund was not specifically segregated, we conclude that on that basis alone the plan cannot be classified as a "trust fund or other fund."

OCI found that the money for payment of claims derives, for all practical purposes, from the district's general operating fund. That finding is well-supported in the record. The general operating fund is one large account which, to facilitate bookkeeping, employs a series of seventeen checking accounts, each with its own account

181

number, authorized signature card and bank statement. The bank treats all seventeen accounts as one, with overdrafts in any particular account being covered by the general operating fund. Although technically claims are paid out of the benefit checking account, that account is supplied with its funds each week by the medical and dental accounts. These latter two accounts, in turn, are funded each month by the general operating account.

Because OCI's conclusion is supported by substantial evidence, it follows that at least a rational basis exists for its determination that the plan does not come within the purview of ch. 641, Stats. Furthermore, its decision is consistent with the way it has interpreted and applied its own regulation for a quarter-century. We therefore give its conclusion great weight. *See Drivers, etc., Local No. 695,* 154 Wis. 2d at 83, 452 N.W.2d at 371–72.

REA next claims that the district, not REA, should have borne the burden of proving that the plan was not subject to regulation under ch. 641, Stats. This contention is not in accord with Wisconsin law. The burden of proof in a proceeding to review an agency action is on the party seeking to overturn the action. *City of La Crosse v. DNR,* 120 Wis. 2d 168, 178, 353 N.W.2d 68, 73 (Ct. App. 1984). Because REA was the party seeking to overturn OCI's decision, the burden of proof was properly assigned.

The final issue is one the district raises. It argues that REA failed to establish entitlement to a hearing in the first instance, and that dismissal of this appeal is therefore warranted. We disagree. First of all, this argument loses its vitality in view of the fact that the district

has prevailed both here and below.[2]

Second, we decline to upset OCI's determination that a hearing was warranted. Before granting a hearing, OCI must ascertain whether the petitioner has established the existence of certain criteria. Sec. 227.42(1), Stats. We give due weight to OCI's experience and technical competence in making such determinations. Sec. 227.57(10), Stats. After reviewing its written ruling finding REA entitled to a hearing, we fail to see that OCI erroneously applied the statutory criteria. We therefore are bound by its ruling. Sec. 227.57(5).

*By the Court.*—Order affirmed.

---

[2]Raising the issue was not, however, improper. A respondent may raise an issue without filing a cross-appeal when all that is sought is the raising of an error which, if corrected, would sustain the judgment. *Auric v. Continental Casualty Co.,* 111 Wis. 2d 507, 516, 331 N.W.2d 325, 330 (1983).