# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 29, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2121**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022CV2331

**IN COURT OF APPEALS
DISTRICT I**

DESIREE BROWN,

    PETITIONER-APPELLANT,

V.

WISCONSIN DEPARTMENT OF JUSTICE,

    RESPONDENT-RESPONDENT.

        APPEAL from an order of the circuit court for Milwaukee County: FREDERICK C. ROSA, Judge. *Affirmed*.

        Before Donald, P.J, Geenen and Colón, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Desiree Brown was arrested on February 28, 1988, for felony possession of marijuana with intent to deliver, and the information related to this arrest was added to Wisconsin's criminal history database (the Database).   In Wisconsin, if a person is arrested and "released without charge, or cleared of the offense" then, upon request, he or she can have his or her fingerprint record removed from the Database.   WIS. STAT. § 165.84(1) (2021-22).[1]   On November 30, 2021, the Department of Justice (the DOJ) received such a request from Brown and denied it.   The DOJ also corrected Brown's information to reflect that she was convicted of a misdemeanor instead of a felony.

¶2     Brown petitioned the circuit court for judicial review of the DOJ's decision under WIS. STAT. § 227.52.   The circuit court affirmed the DOJ's decision, and Brown now appeals.   On appeal, Brown argues that the DOJ failed to sufficiently identify the basis for its decision and that substantial evidence only supports that Brown was never charged or convicted.[2]   For the reasons set forth below, we affirm.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For the first time in her reply brief, Brown argues that the DOJ did not have the authority to deny her criminal history challenge and correct her record; instead, she argues that the DOJ only has the authority under WIS. STAT. § 19.70 to either concur and remove her arrest record entirely, or deny her challenge.   She also argues that the DOJ is liable for an unspecified amount of monetary damages.   We decline to address these arguments.   *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998) (explaining that it is fundamentally unfair to allow a party to raise an argument for the first time in the reply brief); *Bunker v. LIRC*, 2002 WI App 216, ¶¶15-17, 257 Wis. 2d 255, 650 N.W.2d 864 (stating that "[i]t is settled law that to preserve an issue for judicial review, a party must raise it before the administrative agency," and that this court should not answer questions that are "exclusively the role of the trier of fact").

## BACKGROUND

¶3    The DOJ maintains the Database which contains "an accumulation of information submitted by Wisconsin law enforcement agencies, prosecutors, courts, and the Wisconsin Department of Corrections[.]" *Teague v. Schimel*, 2017 WI 56, ¶2, 375 Wis. 2d 458, 896 N.W.2d 286 (quoted source omitted); *see also* WIS. STAT. §§ 165.83-165.84. "All arrest records received from local law enforcement become part of the [D]atabase and are fingerprint based." *Hall v. DOJ*, 2020 WI App 12, ¶3, 391 Wis. 2d 378, 941 N.W.2d 825. One of the purposes of the Database is to "assist[] members of the public in discovering whether a given individual has a criminal history." *Id.*, ¶4.

¶4    Regarding Brown's February 28, 1988 arrest, the Database showed that Brown was arrested, charged, and convicted of felony possession of marijuana with intent to deliver, under WIS. STAT. § 161.41(1m)(b) (1987-88). On November 30, 2021, the DOJ received a criminal history challenge from Brown requesting that the DOJ either update the disposition of or remove Brown's February 28, 1988 record from the Database.[3] In support of her challenge, Brown submitted (1) a letter stating she was ineligible to be paid with funds through the Department of Health Services' IRIS program due to her February 28, 1988 conviction, (2) a letter from the criminal division of the Milwaukee County Circuit Court indicating that Brown has no convictions on file, (3) an order appointing

---

[3] Brown previously argued to the DOJ and circuit court that the disposition of her conviction should be updated because the conviction was expunged, that she violated an ordinance, and that hearing transcripts are necessary to support that she was convicted. Brown has not renewed these arguments on appeal. Thus, we consider them abandoned and will not address them further. *See A.O. Smith Corp.*, 222 Wis. 2d at 491-92 ("[I]n order for a party to have an issue considered by this court, it must be raised and argued within its brief.").

Brown guardianship of another person due to incompetency, (4) Brown's discharge from active military duty, (5) Brown's bachelor's degree, (6) the first page of an appellant brief filed in a federal district court related to a case involving Brown's ward, and (7) an email chain between Brown and Disability Rights Wisconsin, Inc.

¶5    The DOJ investigated Brown's request and discovered that, although her fingerprint card shows that she was initially arrested and charged with a felony, the final disposition report suggests that she was convicted of a misdemeanor that resulted in a fine of $250.  The final disposition report does not explicitly state that Brown was convicted of a misdemeanor; however, the DOJ found that she was convicted of one because the report showed that she was fined, the case number listed was in the format used for misdemeanor cases, and the Milwaukee County District Attorney's Office's records described Brown's case as a misdemeanor.  Accordingly, the DOJ corrected Brown's record to indicate that she was convicted of a misdemeanor instead of a felony, but denied Brown's request to remove the record entirely because her arrest clearly resulted in a conviction, thus, it could not remove the record under WIS. STAT. § 165.84.

¶6    Brown petitioned the circuit court for judicial review of the DOJ's decision under WIS. STAT. § 227.52.  Brown argued that the DOJ's decision did not contain the required factual findings and legal conclusions, that Brown had committed an ordinance violation instead of a misdemeanor, and that the evidence does not support that she was convicted of a misdemeanor.  The circuit court affirmed the DOJ's decision, finding that the DOJ sufficiently informed Brown of the basis of its decision and that substantial evidence in the record supported that Brown was convicted of a misdemeanor.

¶7    Brown appeals.

## DISCUSSION

¶8    This is a review of the DOJ's decision under WIS. STAT. § 227.52. "When an administrative agency's decision is challenged in the circuit court under § 227.52, an appellate court reviews the decision of the agency, not that of the circuit court." *Wisconsin Indus. Energy Grp., Inc. v. Public Serv. Comm'n*, 2012 WI 89, ¶14, 342 Wis. 2d 576, 819 N.W.2d 240. "The burden of proof in a proceeding to review an agency action is on the party seeking to overturn the action." *Racine Educ. Ass'n v. Commissioner of Ins.*, 158 Wis. 2d 175, 182, 462 N.W.2d 239 (Ct. App. 1990). We will not disturb the factual findings of the agency unless they are not supported by substantial evidence. WIS. STAT. § 227.57(6). We accord due weight to "the experience, technical competence, and specialized knowledge of the agency involved[.]" Sec. 227.57(10). However, we "shall accord no deference to the agency's interpretation of law." Sec. 227.57(11).

¶9    Brown argues that the DOJ failed to give Brown notice of the basis for its decision because the DOJ failed to include factual findings and legal conclusions in its decision.

¶10    Every final agency decision must be "accompanied by findings of fact and conclusions of law." WIS. STAT. § 227.47(1). The findings of fact must "consist of a concise and separate statement of the ultimate conclusions upon each material issue of fact without recital of evidence." *Id.* "There is no requirement, however, that the agency provide an elaborate opinion. It is sufficient if the findings of fact and conclusions of law are specific enough to inform the parties and the courts on appeal of the basis of the decision." *Wisconsin's Env't Decade,*

5

*Inc. v. Public Serv. Comm'n*, 98 Wis. 2d 682, 701, 298 N.W.2d 205 (Ct. App. 1980).

¶11 The DOJ determined that it was unable to remove Brown's arrest from the Database because the arrest resulted in a conviction, thus not qualifying for removal under WIS. STAT. § 165.84(1). Section 165.84(1) provides, "Any person arrested or taken into custody and *subsequently released without charge, or cleared of the offense* through court proceedings, shall have any fingerprint record taken in connection therewith removed from the department's records upon request." (Emphasis added.) The DOJ explained its basis with the following statement: "We have also determined the arrest event in question resulted in a conviction. Under [§] 165.84(1), an arrest cannot be removed from an individual's criminal record if any charges related to that arrest result in a conviction, even if the court expunged their record." This is sufficient.

¶12 The DOJ also sufficiently explained its basis for changing the disposition of Brown's conviction from felony to misdemeanor by stating that it reviewed all of the arrest documents, contacted other agencies that were involved in her arrest, and thus determined that she was convicted of a misdemeanor. Brown does not point to any material factual issue or legal conclusion that the DOJ failed to include to support its decision. Therefore, we conclude that the DOJ sufficiently informed Brown of the basis for its decision.

¶13 Brown also challenges the sufficiency of the evidence supporting the DOJ's decision. Brown argues that the DOJ's decision is not supported by substantial evidence and that the evidence shows that she was neither charged nor convicted. Brown fails to offer any argument grounded in law or fact as to why

the evidence the DOJ relied on is insufficient to support that Brown was convicted of a misdemeanor.

¶14　Instead, Brown argues that the November 5, 2021 letter from the Milwaukee County Clerk of Circuit Court—indicating that it did not have any convictions related to Brown currently "on file" and directing Brown to contact the DOJ's Crime Information Bureau to find her conviction records—is enough to support that she was never convicted.　However, the record shows that the DOJ also considered an email from the Milwaukee County Circuit Court which indicates that Brown's case was not on file because its case file for Brown's February 28, 1988 conviction "was either lost or destroyed."　This letter along with the final disposition report showing that Brown's case was labeled with a misdemeanor case number and resulted in a fine, and the Milwaukee County District Attorney's Office's record labeling Brown's case as a misdemeanor, sufficiently supports the DOJ's finding and conclusion that Brown was convicted of a misdemeanor and thus could not be removed from the Database under WIS. STAT. § 165.84.

## CONCLUSION

¶15　We conclude that the DOJ sufficiently notified Brown of the basis for its decision and that its decision is supported by substantial evidence.[4] Accordingly, we affirm.

---

[4] To the extent that Brown raised additional arguments that we have not expressly addressed above, we summarily deny her arguments as undeveloped and not properly supported by legal authority. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.